# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEOFFREY ELKINGTON,

    *Petitioner,*

v.

MICHAEL CLARK, *et. al.*,

    *Respondents.*

CIVIL ACTION
NO. 16-2949

**PAPPERT, J.**                                                                                                                                                        October 26, 2018

## <u>MEMORANDUM</u>

Geoffrey Elkington filed a *pro se* Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 and also moves for appointment of counsel. The Court referred Elkington's filings to Magistrate Judge Elizabeth T. Hey who recommended denial of the Petition and Motion. Elkington thereafter asserted certain objections to Judge Hey's R. & R. After thoroughly reviewing the state court record, the parties' papers and the R. & R., the Court overrules Elkington's objections and adopts the R. & R. for the reasons stated therein and summarized below.

I

The case's factual background as well the findings of the Chester County Court of Pleas and the Superior Court of Pennsylvania on direct appeal and post-conviction review are recited in full in the R. & R. and need not be repeated here. Summarized briefly, on April 14, 2010 a Chester County jury found Elkington guilty of one count of attempted rape, eleven counts of sexual abuse of children, nine counts of involuntary deviate sexual intercourse, five counts of aggravated indecent assault, two counts of

1

indecent assault and two counts of corruption of minors. Verdict Slip, *Commonwealth v. Elkington*, No. CR-1376-2009 (Chester Cty. Ct. Com. Pl. Apr. 14, 2010). These charges arose from the sexual assault of Elkington's girlfriend's two young daughters. The trial judge determined that Elkington is a sexually violent predator under Megan's Law and sentenced him to twenty-five to fifty years of imprisonment. Order, *Commonwealth v. Elkington*, No. CR-1376-2009 (Chester Cty. Ct. Com. Pl. Dec. 16, 2010); Order, *Commonwealth v. Elkington*, No. CR-1376-2009, at 1 n.1 (Chester Cty. Ct. Com. Pl. Mar. 18, 2011).

Elkington filed post-sentence motions, which were denied. (R. & R. 3.) He unsuccessfully appealed the verdict to the Superior Court of Pennsylvania and the Pennsylvania Supreme Court denied allowance of appeal. (*Id.* at 3–4.) Elkington filed a *pro se* Petition for Post-Conviction Relief under the PCRA and was later appointed counsel, who filed an Amended Petition. (*Id.*) The *pro se* Petition raised nineteen claims; the Amended Petition raised two, and one was withdrawn during an evidentiary hearing. (Pet., ECF No. 1, at 5–6.) The trial court denied the Amended Petition and the Superior Court affirmed. The Pennsylvania Supreme Court denied allowance of appeal. (R. & R. 3–5.)

Elkington filed his current Petition on June 9, 2016.[1] He asserts twelve grounds for relief: ineffective assistance of counsel ("IAC") (Grounds 1–6, 9, 10 and 12) and that: the evidence was too unreliable to support the verdict (Ground 7), the trial court erred when it reviewed a document *in camera* (Ground 8), his sentence is excessive and unreasonable (Ground 9), the jury was improperly instructed (Ground 10), he was

---

[1] Elkington signed the Petition on June 9 and re-filed it with the Court on proper forms on July 25. *See* (R. & R. 6 n.6).

2

illegally detained (Ground 11) and the Commonwealth violated his rights under the Vienna Convention (Ground 12). (Pet., ECF No. 1.) He also moves for appointment of counsel. (Mot. Appointment Counsel, ECF No. 12.) After reviewing the Petition and Motion, the parties' briefs and the state court record, Judge Hey found:

> Ground One (IAC for failing to have pictures of Petitioner's feet shown to the jury) is exhausted and meritless. Grounds Two through Six . . . are unexhausted and procedurally defaulted. Ground Seven . . . is non-cognizable. Ground Eight . . . is non-cognizable as a state law matter, and if construed as a due process claim, is defaulted. Ground Nine . . . is defaulted, and in any event meritless. Ground Ten . . . is deemed exhausted, but is meritless. Ground Eleven . . . is defaulted, non-cognizable as raised, and in any event meritless. Ground Twelve . . . is defaulted, and in any event meritless. Finally, IAC claims raised as component parts of Grounds Nine through Twelve are defaulted, and in any event meritless. Moreover, there is no basis to appoint counsel.

(R. & R., ECF No. 16, at 44.)

Elkington timely objected to the R. & R. (Pet'r's Objs., ECF No. 19.) In a fifteen page memorandum, he rejects several of Judge Hey's findings and primarily objects to her recommendation to deny the Motion for Appointment of Counsel. Interpreting the memorandum liberally, the Court believes he has also objected to Judge Hey's findings as to Grounds 1, 2, 3, 9, 10 and 12 of the Petition.

II

Where a party timely objects to a magistrate judge's report and recommendation, the Court reviews the portions of the report pertaining to the objections *de novo*. 28 U.S.C. § 636(b)(1). The Court may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

The Court will first review Elkington's Motion for Appointment of Counsel. It will then review Judge Hey's findings on the grounds for relief to which Elkington

3

objects, beginning with the procedurally defaulted IAC claims (Grounds 2, 3 and 9, 10 and 12, in part). It will address the remaining objections (Grounds 1 and 9, 10 and 12, in part) in turn.

A

Petitioners have no constitutional right to counsel in federal habeas proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), but a federal court may appoint counsel for a financially eligible petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court may consider the complexity of the issues and the petitioner's ability to present his claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).

Judge Hey dismissed Elkington's Motion without prejudice while preparing the R. & R. (Order, ECF No. 15.) She revisited the Motion in the R. & R. and recommended dismissal because Elkington presents many grounds for relief with lengthy supporting arguments and the record and claims in this case are not complex. (R. & R. 43–44.)

As Judge Hey concluded, it is evident from Elkington's Petition, supporting memoranda and timely objections to the R. & R. that he understands the procedure for and appropriate presentation of a federal habeas petition. He supports his claims with case law and relies on his own *pro se* PCRA Petition to rebut the Government's argument that many of his federal habeas claims are procedurally defaulted. *See* (Pet. 5–6; Mem. Supp. Pet. 2); *see also Reese*, 946 F.2d at 264 (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987)) (finding no abuse of discretion for declining to appoint counsel where petitioner could "forcefully and coherently" present his claims).

4

Moreover, given the straightforward nature of the issues, the interests of justice do not require the appointment of counsel.

B

Exhaustion of state court remedies is a prerequisite to federal habeas review. *Wertz v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). Judge Hey found Grounds 2 and 3 of the Petition, IAC claims, and Grounds 9, 10 and 12, partial IAC claims, unexhausted. Although Elkington raised the claims in his *pro se* PCRA Petition, his later-appointed counsel removed these claims from the Amended Petition he filed on Elkington's behalf. Thus, the state court did not address the claims in the initial-review collateral proceeding. (R. & R. 26, 35.)

An exception to the "exhaustion requirement" arises where state procedural rules, such as waiver or a statute of limitations, bar the petitioner from exhausting remaining state remedies. *Wertz*, 228 F.3d at 192 (citing *Lambert v. Blackwell*, 134 F.3d 506, 518). The federal court may only review such "procedurally defaulted" claims if the petitioner shows either cause for the default and resulting prejudice or that failure to review the merits of the claim would result in a fundamental miscarriage of justice. *Id.* (quoting *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000)). If the procedurally defaulted claim is ineffective assistance of trial counsel, the federal court may review the claim despite the default if (a) the default was caused by ineffective assistance of PCRA counsel (b) in the initial-review collateral proceeding and (c) the underlying IAC claim is substantial. *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014) (citing *Martinez v. Ryan*, 566 U.S. 1, 13–17 (2012)). To show that PCRA counsel was ineffective, the petitioner must demonstrate that counsel's performance fell below an

5

objective standard of reasonableness. *Preston*, 902 F.3d at 376 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)) (noting that the petitioner need not show he was prejudiced by the deficient performance over and above showing that the underlying IAC claim is substantial).

Judge Hey found Elkington's IAC claims in Grounds 2, 3, 9, 10 and 12 of the Petition procedurally defaulted. *See Preston*, 902 F.3d at 375 (finding petitioner's IAC claim procedurally barred where PCRA counsel did not raise the claim on state collateral review). She concluded that Elkington cannot excuse the default because the IAC claims are not substantial and "none of them undermines the strength of the Commonwealth's witness testimony or forensic computer evidence at trial." (R. & R. 28.)

1

In Ground 2, Elkington claims his trial counsel was ineffective for failing to introduce time sheets that would purportedly have shown Elkington was working when he allegedly offered, in person, money for sex with one of the victims. Judge Hey found this claim was not substantial because "even assuming the in-person meeting did not take place . . . the Petitioner had already made the same offer by email" and the jury had plenty of other reasons to discredit the witness who testified to the in-person offer. (R. & R. 28.) Elkington objects that "there is an immense difference between" in-person and email offers for the victim's virginity. (Pet'r's Objs. 6.)

Ground 2 of the Petition is procedurally defaulted and Elkington cannot overcome the default because, as Judge Hey explained, the claim is not substantial and PCRA counsel's decision to remove Ground 2 from the Amended Petition did not fall

6

below an objective standard of reasonableness. Counsel explained that he saw this claim as another attempt to undermine witness testimony, which had already been addressed by the Superior Court on direct appeal. Am. Pet. Post-Conviction Relief at ¶ 9(f), *Commonwealth v. Elkington*, CR-1376-2009 (Chester Cty. Ct. Com. Pl. Apr. 7, 2014). Elkington has not overcome the strong presumption that the decision not to raise the claim on collateral review could be considered sound strategy. *See Strickland*, 466 U.S. 668, 689.

2

Ground 3 contends that Elkington's trial counsel was ineffective because she did not introduce into evidence medical records from one of the victims that would have purportedly undermined another witness's testimony that the victim suffered forced penetration. Judge Hey found that Elkington cannot overcome the procedural default of this claim because it is not substantial and "in light of the significant photographic and forensic evidence," the medical records would not have changed the outcome of the trial and the jury was aware that there was no medical evidence of harm to the victims. (R. & R. 29.)

In addition, PCRA counsel's decision to remove Ground 3 from the Amended Petition did not fall below an objective standard of reasonableness. Counsel explained that he saw this claim as another attempt to undermine the weight and sufficiency of the evidence, a non-cognizable issue in PCRA proceedings. Am. Pet. Post-Conviction Relief at ¶ 9(h), *Commonwealth v. Elkington*, CR-1376-2009 (Chester Cty. Ct. Com. Pl. Apr. 7, 2014). Again, Elkington has not overcome the strong presumption that the decision not to raise the claim on collateral review could be considered sound strategy.

3

Ground 9 alleges in part that Elkington's trial counsel was ineffective for failing to object to Elkington's sentence as excessive and unreasonable. Judge Hey found this claim is not substantial because Elkington admits that his sentence is within the guideline range. (R. & R. 37.) PCRA counsel's decision to remove Ground 9 from the Amended PCRA Petition did not fall below an objective standard of reasonableness; counsel removed the claim because Elkington understood that the sentence is under the lawful maximum for his offenses. Am. Pet. Post-Conviction Relief at ¶ 9(n), *Commonwealth v. Elkington*, CR-1376-2009 (Chester Cty. Ct. Com. Pl. Apr. 7, 2014).

4

In Ground 10, Elkington claims in part that his trial counsel failed to object to improper jury instructions on the charge of possession of child pornography. Specifically, Elkington contends that he could not have been found in "possession" of child pornography because pornographic images were recovered from "unallocated" space on his computer. (Pet., ECF No. 1-1, at 14.) As Judge Hey found, the trial judge identified for the jury all three elements of the offense of possession of child pornography. Those elements were straightforward enough for the jury to understand and Elkington conceded that the images could be recovered from his computer using special tools. (R. & R. 19–20.)

Ground 10 is procedurally defaulted and Elkington cannot overcome the default because the claim is not substantial. Counsel's decision not to include this claim in the Amended PCRA Petition did not fall below an objective standard of reasonableness because, as he explained, he viewed this claim as another attempt to undermine the

weight and sufficiency of the evidence, a non-cognizable issue in PCRA proceedings. Am. Pet. Post-Conviction Relief at ¶ 9(m), *Commonwealth v. Elkington*, CR-1376-2009 (Chester Cty. Ct. Com. Pl. Apr. 7, 2014). Elkington has not overcome the strong presumption that the decision not to raise this claim on collateral review could be considered sound strategy.

5

Elkington, a British national, claims in Ground 12 that his trial counsel should have argued that the Commonwealth violated the Vienna Convention when it did not promptly notify the British Consulate of Elkington's detention or inform Elkington of his right to request assistance from the Consulate. Judge Hey found Elkington could not show cause for procedural default or resulting prejudice, noting that Elkington was protected by the Due Process Clause during his detention and trial and that the Vienna Convention does not prescribe specific remedies for violations. (R. & R. 41–42.) Elkington objects that he has shown cause, namely that PCRA counsel refused to include the claim in the Amended Petition, and that he was prejudiced because the Commonwealth precluded any chance of him receiving help from the Consulate. (Pet'r's Objs. 10.)

PCRA counsel did not include this claim in the Amended PCRA Petition because Elkington did not offer any evidence that the Commonwealth's delay in notifying the British Consulate of his detention denied him a fair trial. Am. Pet. Post-Conviction Relief at ¶ 9(p), *Commonwealth v. Elkington*, CR-1376-2009 (Chester Cty. Ct. Com. Pl. Apr. 7, 2014). Elkington has not overcome the strong presumption that the decision not to raise this claim on collateral review could be considered sound strategy.

9

C

Even if a petitioner exhausts available state court remedies, the federal court may not grant habeas relief if the claim was adjudicated on the merits in state court unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The state court's application of federal law must be objectively unreasonable to warrant review; an incorrect application of federal law does not meet this standard unless the incorrect application of law was itself unreasonable. *Wertz*, 228 F.3d at 196 (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).

1

Ground 1 of the Petition alleges that Elkington's trial counsel was ineffective for failing to offer into evidence a picture of Elkington's feet which allegedly do not look like the feet of a man in a picture with one of the victims. Although this claim was exhausted in state court, Judge Hey found it unreviewable because the state court did not unreasonably apply federal law in denying Elkington relief. (R. & R. 21, 24.) The two witnesses who identified Elkington in the picture did not identify him by his feet and the jury verdict rested on other photographic and forensic evidence. Trial counsel "articulated a trial strategy that did not necessitate taking a photograph of [his] feet, and [he] did not refute the reasonable basis of that strategy by presenting any . . . evidence that his foot could not have been the foot in the photograph." (*Id.* at 24–25.)

This claim is unreviewable because it was adjudicated on the merits in state court and the state court did not unreasonably apply federal law. On appeal from the initial-review collateral proceeding, the Superior Court of Pennsylvania applied

10

*Strickland* and *Commonwealth v. Pierce*, 527 A.2d 973 (1987), and held that Elkington could not satisfy either prong of *Strickland*'s analysis. The court found that the lack of photographic evidence of Elkington's feet did not prejudice him at trial, in part because the witnesses did not identify him in the photograph by his feet. It also found Elkington could not prove trial counsel acted unreasonably by failing to introduce a picture of his feet after she testified that she did not think it would be strategically wise to do so. *Commonwealth v. Elkington*, CV-2926-2014 (Pa. Sup. Ct. Apr. 8, 2015).

2

Ground 9, addressed in part above, also alleges that the trial court erred in imposing an excessive and unreasonable sentence. Elkington did not raise the claim on direct appeal but did raise it in his *pro se* PCRA Petition. PCRA counsel, however, did not include it in the Amended Petition. (Pet., ECF No. 1-1, at 13.) Judge Hey found that the claim is procedurally defaulted and Elkington has not shown cause and resulting prejudice to excuse the default. (R. & R. 35–36.) Elkington offers no explanation for his failure to raise this claim on direct appeal, other than that he could not raise the related IAC claim until the collateral proceeding. (Pet., ECF No. 1-1 at 13.) Judge Hey also found that this claim is outside the scope of federal habeas review because sentencing is a state court matter. (*Id.* at 36 (citing *Smith v. Kerestes*, No. 08-0061, 2009 WL 1676136, at *16 (E.D. Pa. June 15, 2009), *aff'd*, 414 F. App'x 509 (3d Cir. 2011) ("[A]bsent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds the statutory limits.")).

3

Ground 10, addressed in part above, also contends that the trial court improperly instructed the jury. Elkington did not raise the claim on direct appeal but raised it in his *pro se* PCRA Petition though PCRA counsel did not include it in the Amended Petition. (Pet., ECF No. 1-1, at 15.) Judge Hey found the claim procedurally defaulted and Elkington had no excuse for failing to raise it on direct appeal. (R. & R. 16.) Judge Hey did, however, construe the claim liberally as a challenge to the sufficiency of the evidence, an issue Elkington did raise on direct appeal, and addressed the claim on the merits. (*Id.*) She concluded that because Elkington controlled the computer from which the images were extracted, a reasonable juror could find the essential elements of the crime of child pornography in Elkington's case beyond a reasonable doubt. (*Id.* at 19.)

This claim is procedurally defaulted and Elkington offers no explanation for his failure to raise it on direct appeal, other than that he could not raise the related IAC claim until the collateral proceeding. (Pet., ECF No. 1-1 at 15.) The Superior Court of Pennsylvania addressed Elkington's claim on direct appeal that the evidence was insufficient to support the verdict, and the state court did not unreasonably apply federal law in denying relief. *See Commonwealth v. G.E.*, No. 1075-2011, at 11–14 (Pa. Sup. Ct. July 24, 2012).

4

Finally, Elkington contends in Ground 12 that the Commonwealth violated the Vienna Convention when it did not promptly notify the British Consulate of Elkington's detention or inform Elkington of his right to request assistance from the British

Consulate. Elkington did not raise the claim on direct appeal or in his *pro se* PCRA Petition, and PCRA counsel did not include it in the Amended Petition. (Pet., ECF No. 1-1, at 19.) Judge Hey thus found the claim procedurally defaulted and that there was no excuse for the default. (R. & R. 41.)

This claim is procedurally defaulted and Elkington cannot show cause for his failure to raise this claim on direct appeal. To the extent Elkington blames his trial counsel for failing to raise this issue, *see* (Pet., ECF No. 1-1, at 19), the Court has already addressed this IAC claim above.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.